I think the issue at the core of this case is whether or not the administrative judge erred by disallowing the witness Terry Edwards for relevance reasons when Mr. Edwards' testimony would go straight to an issue of whether or not the minimum due process guaranteed by Section 7513 occurred. In this case, Mr. Edwards, go ahead. I read your briefs and most of them seem to be, most of your arguments really seem to be directed to whether or not Mr. Robinson should have lost his security clearance. That's really, as you understand, beyond our purview. You're absolutely right, Your Honor, and if there was anything in the briefs that confused you on that point, I hope to correct it here. Egan clearly indicates that the merits of the clearance are not within this court's purview, within the board's purview. The procedures of the case suggest that the procedures used in denying the security clearance are also beyond our purview. I would respectfully disagree with that position. I think that 7513 gives three particular procedural guarantees. But all of those are met. He got advance notice, he got reasonable time to respond, and he was represented by an attorney? I guess what our argument revolves around the response itself, and that because Mr. Robinson testified to a predetermination that the reply that Mr. Robinson was to give would not be meaningful under the King v. Alston standard, which requires that the reply be meaningful. I'm sorry. Go ahead. Doesn't our decision in his suggest that those procedural protections of 7513 only apply to the adverse action decision and not the security clearance proceeding? My understanding of the case law in this area, and I think King does address that particular question, is that they can look to see if due process was given. If the agency could merely just go by rote through the procedures having already decided, then the response would not be meaningful. My understanding of the Egan case, which is really at core the controlling case behind all this. Neither King, nor his, nor Egan, if I read them correctly, suggest that the protections of 7513 apply to the security clearance determination as opposed to the adverse action. Am I wrong about that? Well, I think that essentially, I think you are. Respectfully, I do think that Egan does say that the procedures used to remove, not just to remove the person, but the underlying procedures to the removal, i.e. the security clearance itself, the determination is allowed to be looked at by the court, but not the merits. The court can't look and say Where does Egan say that we can look at the procedures of the security clearance? I will check, but my site says that that's at 530, 44, 530 U.S. I think your better argument, counsel, if I may offer it, is actually King v. Alston because King v. Alston sort of mucks this area up a little bit, but if you read King v. Alston, I think it doesn't actually help you, although you can make an argument for King v. Alston. The problem I think you confront, actually, is the Hess problem in which we said to the extent that Mr. Hess complains about the manner in which the proceeding leading to the suspension of the security clearance was conducted, the protections of section 7513D, and we singled out subsection D, which I think is quite significant, do not apply to that process. If you look at 7513D as a dog, you will see that's really the section that allows the Merit System Protection Board to review it, and if the Merit System Protection Board cannot review those proceedings, then obviously we can't either. Now, King v. Alston is a little bit of a peculiar case because in King v. Alston, what we were dealing with there was the problem of a temporary suspension, which was based on the withdrawal of the security clearance issue with the temporary suspension of duties in King v. Alston, and we said, well, given that mucked up situation, yes, we'll look at the process. But if I understand your case correctly, your factual situation, your client was clearly lost his security clearance first, and then they took up the issue of whether that affects his appointment. Isn't that correct? That's correct, but that's the standard proceeding. Yes, that's the standard proceeding, and that's clearly the Hess case, and I don't understand how you can escape Hess. I guess I would differ on the reading of the King case. I mean, because regardless of whether or not it was an adverse action or not, the suspension was appealable to the board, and in the Alston case, they did look at the underlying procedures. In fact, the board reversed, and OPM itself came and petitioned for review at this court. This court reversed in OPM's favor. But there is no real difference in my mind between an action that involves a payment for a period where someone is under suspension, as in King, and a situation where the board is allowed to, I mean, the board thought that they had the power to look at that particular issue, and I don't believe that the court in King said that they couldn't look at that issue. What we said in King was, however, OPM misconstrued what is at issue in this case. Neither this decision to suspend Alston's access to classified information, nor are we reviewing the procedures the agency followed in denying such access. It seems to me that's pretty clear, even in King, although the outcome in King may not be so clear, but the explanation of the outcome was pretty clear. I guess part of the difficulty is that I do think that the board can look at the procedures. There's really, to be honest, little point in MSPB- Procedures for the suspension. For the suspension itself. In other words, I see the merits as, was the issue that caused the suspension really something that made the restoration of the clearance not clearly consistent with national security. Those are decisions that are definitely put in the executive's hands. Now, the only thing that the board could possibly look at in this case, and obviously you may differ, is whether or not, when the agency made that decision, they went and followed all the procedures in this particular case. I mean, to me, the merits is the decision, whether it's clearly consistent with national security or not, to grant or, in any case, to restore a clearance. That, to me, is the merits and always has been the merits in the cases that I've brought before the defense offices of hearing and appeals in these kind of cases. Those are really the issues of the merits. To me, the issue of procedure is, did they give him notice? Did they give him an opportunity to reply? In this case, our argument is simply there was no opportunity to reply because the decision maker's mind was closed and the supervisor in the very same office who was involved in some manner with the decision was willing and ready to testify that the decision maker's mind was closed. Our witness is not going to testify to the fact that it was clearly consistent with national security that Mr. Robinson's clearance be restored. He was only going to testify that he never got the chance to prove that. And that's really my argument in the case, Mr. Robinson's argument in this case. I'll reserve my remaining time for rebuttal. Thank you, Mr. Blake. Mr. Blades. It's somewhat unusual to get to hear from an attorney twice on the same day. It's my pleasure, Your Honor. Thank you. You should be like a judge trying to do four things at one time. It gives me more respect for your burden, Your Honor. We like that. Well said. May it please the Court, Reginald Blades representing the government in this action. It is clear from the Supreme Court's decision in Egan and this Court's decision in Hess that it is beyond the jurisdiction of the Board and therefore beyond the jurisdiction of this Court to review. How do you explain King v. Alston? King v. Alston, Your Honor, as you read previously, does provide a clear explanation that neither the Board nor the Court reviews either the substance or the procedures of a denial of a security clearance. We've come pretty close to doing exactly that. Yes, you did, Your Honor. And I believe that's part of the reason, although obviously I'm speculating as to why Hess goes through so much trouble to explain exactly what it is that the Board and the Court can and cannot do. And I think Hess makes clear that despite whatever confusion may have been created by King v. Alston or some of the other cases, including Board cases in this area, that neither the Board nor the Court can review either the substance or the procedures of the denial or revocation of a security clearance. Why does the government provide the kind of procedures it does, apparently, that look an if you compare 7513 to what the government actually apparently gave Mr. Robinson in this case, it looks like we're tracking 7513. Well, as Egan points out, the decision as to access to classified information is something that is completely within the discretionary acts of the executive. In these situations, there are two executive orders that talk about the procedures that should be followed, and in compliance with those executive orders, procedures have been promulgated and are followed. To the extent they mirror in any way section 7513, that's apparently simply a recognition that that would be a useful process to follow in making the decision with regard to access to classified information, particularly with regard to denial or revocation. Otherwise, it is not an indication that the executive feels somehow bound to follow the direction of 7513 in making that decision. With that, Your Honor, the focus of Mr. Robinson's complaint here seems apparent from his process of the denial of the security clearance, and that is beyond the purview of the board or the court, and that with regard to the actual removal process, there is no doubt that he received the protections provided by section 7513 in terms of notice, an opportunity to respond. So in the course of the adverse action proceeding, the board has no power to look at the security clearance determination, either on the merits or procedurally. It just has to accept it the way it's given to it. Yes, sir. The only thing the board can do relative to the security clearance is determine whether the position required a security clearance and whether a security clearance was denied. If so, that satisfies the cause element for the removal, and the rest is procedural under 7513. But then why did King say that in the course of the adverse action proceeding, the board could look at the reasons for the denial of the security clearance? I don't know, Your Honor. I believe that's why Hess attempted to clear it up. Did Hess overrule King v. Alston? To the extent that King v. Alston is inconsistent, to the extent it's inconsistent with Egan, and I think Hess is entirely consistent with Egan, then that portion of King v. Alston should not be followed. Your argument is that Egan overruled King v. Alston before it was written? Yes, sir, Your Honor. That King v. Alston didn't necessarily follow the clear dictates of Egan in its entirety. For these reasons, Your Honor, we respectfully request the court to affirm the decision of the board. Thank you. Thank you, Mr. Blades. Mr. Waldeck, you have five minutes remaining. I hope not to take up all five minutes of my time. To sum up, I'm going to violate every rule that they give you in the appeal book. I want to read a short passage from King, and this is on page 61 to 2, I believe, if I have this correct. It's at Headnote 5 if you're looking at the West system. Very clearly, the court in King states, Thus, Section 7513B entitles an employee to notice of the reasons for the suspension of his access to classified information for placing the employee on enforced leave pending a decision for the employee's security clearance. Is that consistent with the prior Egan case? I think it is. I think that Egan said that the merits, the basis of Egan is a separation of powers argument. It says that the executive is the one who gets to set the reasons why people can keep or not keep access to classified information, and that there's no constitutional right to that information. I don't think that Egan goes to the question of whether or not the board can look into whether the procedure was followed or not. In fact, I think that it's been well settled, at least in my opinion, that the board can look at the procedures. It can't say that someone was not entitled to have the security clearance. But I think that King is very clear. If King has overruled Hess, it's news to me. There definitely was no flag on the case when I looked at it. And perhaps your decision might change that. I hope not. But I do think that the dictate of King is very clear, that the board can look at the procedures, the underlying procedures. It can't say that the executive branch was wrong in deciding that this person was entitled or was not entitled to have a security clearance, access to secured information. What it said was that we can't look. Egan said we can't look at that. But it didn't say that you couldn't look at the procedure. And my understanding was that what the court meant in Egan by saying that the person still has the procedural protections of Section 7513, is that the board can look to see if those procedural protections were followed. And to be honest, the decision doesn't make any sense unless the board has some reason, because Egan does say that the protections are still there and the board can still look at the protections at the very close of the case. And I can't give the exact page number. But the whole scheme of the review doesn't make sense if the board has no ability to look at anything. The court in Egan would have totally foreclosed the ability of the MSPB to look at anything. It would be a hollow structure if the board could look at nothing other than whether or not the position required a security clearance, and whether or not there was a position somewhere else in the agency that the person could be assigned to without a security clearance. That would be an extremely hollow procedure. And if that was the case, why did not the Egan court just foreclose appeals based on that matter alone, or just say, you know, the agency only has to show that it removed the security clearance? It doesn't say that. Thank you very much. Thank you, Mr. Walden. Our final case this morning is the Egan case.